# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLWAVE COMMUNICATIONS, LLC, | )<br>)<br>) CIVIL ACTION NO. _____<br>)<br>) |
| Plaintiff, | ) COMPLAINT FOR PATENT<br>) INFRINGEMENT<br>) |
| v. | )<br>) |
| FONALITY INC. | ) JURY TRIAL DEMANDED<br>)<br>) |
| Defendant. | ) |

## STATEMENT OF JURISDICTION

1. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331, and 1338(a).

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendant's unauthorized manufacture, use, offer to sell, sale, and/or import of products, and Defendant's unauthorized and infringing performance of methods, processes, and/or services that infringe one or more claims of United States Patent Nos. 7,822,188; 7,636,428; 8,325,901; and 7,397,910 (collectively the "Asserted Patents") (attached as Exhibits A-D, respectively).

3. Defendant's infringing products and services are adapted for use in communication and telephony solutions, including, but not limited to Defendant's Connect and Hosted VoIP Services (collectively, "Accused Products and Services").

## THE PARTIES

4. Plaintiff Callwave Communications, LLC ("Callwave") is a Delaware limited liability corporation with its principal place of business in Newton, Massachusetts.

5. Plaintiff Callwave is the assignee of all substantial rights, title, and interest in and to the Asserted Patents.

6. Defendant Fonality, Inc. ("Fonality") is a Delaware corporation with places of business located at 5800 Granite Parkway, Suite 550, Plano, Texas 75024 and 200 Corporate Pointe, Suite 300, Culver City, CA 90230.

7. Defendant Fonality is in the business of providing unified communications and collaboration (UCC) products and services including, but not limited to, UCC services to in-office and mobile devices spanning cloud telephony, virtual contact center, and virtual desktop through a proprietary unified Software as a Service (SaaS) platform.

8. Defendant infringes the Asserted Patents, and Plaintiff has been and will continue to be harmed by Defendant's infringement of the Asserted Patents. Moreover, Defendant's unauthorized and infringing manufacture, use, offer to sell, sale, and/or import of Plaintiff's patented inventions, as well as Defendant's unauthorized and infringing performance of methods, processes, and/or services, have threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, offering to sell, selling, and/or importing the patented inventions, and/or the right to exclude others from performing the patented methods.

9. Defendant's disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patents.

Defendant will derive a competitive advantage over any of Plaintiff's future licensees from infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Defendant is subject to personal jurisdiction in the State of Delaware because it is a Delaware corporation that regularly transacts business in this judicial district and division by, among other things, offering its products and services to customers, business affiliates, and partners located in this judicial district. Additionally, on information and belief, Defendant has committed acts of direct infringement of one or more claims of the Asserted Patents in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant is subject to personal jurisdiction in Delaware and, accordingly, is deemed to reside in this judicial district.

## THE PATENTS-IN-SUIT

13. United States Patent No. 7,822,188 is entitled "Methods and Apparatus for Providing Expanded Telecommunications Service" and relates, *inter alia*, to methods of processing calls, including, at least, receiving at a call processing system a first call request from a client telecommunications application hosted on a user computer, wherein the first call request identifies a first party to be called; at least partly in response to the first call request, placing a first outcall from the call processing system to a telephone associated with the user; placing a second outcall from the call processing system to a telephone associated with the first party, wherein the second outcall is associated with signaling information, the signaling information

including a user phone address associated with the user, wherein the user phone address is not the phone address of the call processing system, but is a phone address assigned to or specified by the user; and causing the first outcall and the second outcall to be connected.

14. United States Patent No. 7,636,428 is entitled "Systems and Methods for Call Screening" and relates, *inter alia*, to methods of processing calls, including, at least, receiving over a network at a call processing system a first call from a caller intended for a called party; placing a second call from the call processing system over the network to a terminal associated with the called party, the second call including signaling information having at least a selected portion of the phone number of the caller so that the called party can determine the identity of the caller of the first call and thereby screen the caller; receiving an instruction from the called party to forward the caller to a second terminal; and placing a third call from the call processing system over the switched network to the second terminal.

15. United States Patent No. 8,325,901 is entitled "Methods and Apparatus for Providing Expanded Telecommunications Service" and relates, *inter alia*, to receiving, at a call processing system, a first call from a calling party that had been directed to a first communications device associated with a called party and forwarded to the call processing system; providing a greeting to the calling party; receiving a voice communication from the calling party at the call processing system; placing an outbound call from the call processing system back to the first communication device; and transmitting, in substantially real-time, at least a portion of the voice communication from the calling party to the first communication device, wherein the calling party cannot hear the called party, so that the called party can screen the call, and wherein the called party can accept the call on the first communication device or not accept the call.

16.     United States Patent No. 7,397,910 is entitled "Methods and Apparatus for Providing Expanded Telecommunications Service" and relates, *inter alia*, to providing a called party the ability to screen calls, the method comprising: receiving, at a call processing system, a first call from a calling party that had been directed to a first communications device associated with a called party and forwarded to the call processing system; providing a greeting to the calling party; receiving a voice communication from the calling party at the call processing system; placing an outbound call from the call processing system back to the first communication device; and transmitting, in substantially real-time, at least a portion of the voice communication from the calling party to the first communication device, wherein the calling party cannot hear the called party, so that the called party can screen the call, and wherein the called party can accept the call on the first communication device or not accept the call.

## EXEMPLARY ACCUSED PRODUCTS AND SERVICES

17.     "Connect" is a Voice-over-Internet-Protocol (VoIP) communication and telephony product and service offered by Fonality that provides, among other functionality, instant and advanced call forwarding, call placement, and call transfer capabilities.

18.     "Hosted VoIP" Voice-over-Internet-Protocol (VoIP) communication and telephony product and service offered by Fonality that provides, among other functionality, instant and advanced call forwarding, call placement, and call transfer capabilities.

## DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 7,822,188

19.     Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20.     Plaintiff Callwave is the assignee and lawful owner of all right, title, and interest in and to the 7,822,188 Patent.

21. Defendant Fonality performs methods and processes that include the instant and advanced call forwarding, call placement, and call transfer functionalities of Connect and Hosted VoIP.

22. Defendant Fonality's performance of methods and processes involving Connect and Hosted VoIP directly infringe one or more claims of the 7,822,188 Patent, either directly or under the doctrine of equivalents.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

### DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 7,636,428

24. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

25. Plaintiff Callwave is the assignee and lawful owner of all right, title, and interest in and to the 7,636,428 Patent.

26. Defendant Fonality performs methods and processes that include the instant and advanced call forwarding, call placement, and call transfer functionalities of Connect and Hosted VoIP.

27. Defendant Fonality's performance of methods and processes involving Connect and Hosted VoIP directly infringe one or more claims of the 7,636,428 Patent, either directly or under the doctrine of equivalents.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

### DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 8,325,901

29. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

30. Plaintiff Callwave is the assignee and lawful owner of all right, title, and interest in and to the 8,325,901 Patent.

31. Defendant Fonality performs methods and processes that include the instant and advanced call forwarding, call placement, and call transfer functionalities of Connect and Hosted VoIP.

32. Defendant Fonality's performance of methods and processes involving Connect and Hosted VoIP directly infringe one or more claims of the 8,325,901 Patent, either directly or under the doctrine of equivalents.

33. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 7,397,910**

34. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

35. Plaintiff Callwave is the assignee and lawful owner of all right, title, and interest in and to the 7,397,910 Patent.

36. Defendant Fonality performs methods and processes that include the instant and advanced call forwarding, call placement, and call transfer functionalities of Connect and Hosted VoIP.

37. Defendant Fonality's performance of methods and processes involving Connect and Hosted VoIP directly infringe one or more claims of the 7,397,910 Patent, either directly or under the doctrine of equivalents.

38. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, granting Plaintiff the following relief:

39. That this Court adjudge and decree that Defendant has directly infringed the Asserted Patents;

40. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

41. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

42. That this Court assess pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

43. That this Court grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

44. Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: March 31, 2014

/s/ *Edmond D. Johnson*
Edmond D. Johnson (Del. Bar. No. 2257)
James G. McMillan, III (Del. Bar. No. 3979)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware  19899-1709
(302) 777-6539
*johnsone@pepperlaw.com*
*mcmillaj@pepperlaw.com*

*Attorneys for Plaintiff Callwave Communications, LLC*